NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIXIE MECHELLE MARIE FLORES, | No.   17-15753 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02676-KJN |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted May 29, 2018**

Before:    LEAVY, TROTT, and SILVERMAN, Circuit Judges

Pixie Mechelle Marie Flores appeals the district court's judgment affirming

the Commissioner of Social Security's denial of Flores's application for

supplemental security income under Title XVI of the Social Security Act.  We

review de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reverse and remand.

When called upon to "[e]xplain in narrative form the sustained concentration and persistence limitations" he observed in connection with Flores's mental residual functional capacity ("MRFC"), Dr. P.M. Balson responded as follows: "Able to carry out one- and two-step instructions with adequate concentration, persistence and pace over a normal workday/workweek." E.C.R. Vol II, page 87; Exhibit 3A, page 12. Because this answer was in response to a question about her MRFC "limitations," we read this response as limiting Flores to work requiring no more than one- or two-step instructions.

Because the ALJ specifically gave "substantial weight" to Dr. Balson's opinion, the ALJ was required either (1) to include that limitation in Flores's Residual Functional Capacity (RFC), or (2) to explain why he did not. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (requiring the ALJ to account for all relevant evidence in assessing the RFC). The ALJ did not adequately take this step. *Compare Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1002-03 (9th Cir. 2015) (concluding that jobs requiring level 2 reasoning are inconsistent with a limitation to one- or two-step instructions), *with Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (limitation to "simple, repetitive tasks" is consistent with level 2 reasoning). The result of this error was that the occupations cited by the vocational expert ("VE") and accepted by the ALJ did not

fit within the MRFC limitation described by Dr. Balson. We note that the ALJ, who rendered his Decision on April 25, 2014, did not have the benefit of our subsequent clarifying opinions in *Rounds* and *Zavalin* published in 2015.

Accordingly, the ALJ's error in failing either to include one- or two-step instructions in the RFC or to explain why he did not could not be harmless because the ALJ relied on VE testimony that Flores could perform jobs requiring level 2 reasoning without obtaining additional testimony as to whether those jobs were consistent with a more restrictive limitation. *See Rounds*, 807 F.3d at 1002-03 (explaining that a limitation to one- to two-step instructions is inconsistent with jobs requiring level 2 reasoning as listed in the Dictionary of Occupational Titles).

If Flores is limited to one- or two-step instructions, the ALJ must obtain additional VE testimony as to any conflict with the Dictionary of Occupational Titles before relying on VE testimony as to jobs requiring level 2 reasoning. *See id.*

Even assuming additional evidence in the record could support the ALJ's exclusion of one- or two-step instructions from the RFC, we are constrained to review only the reasoning provided by the ALJ. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

We do not consider any additional issues that Flores fails to raise specifically and distinctly in her opening brief. *See Carmickle v. Comm'r, Soc.*

17-15753

*Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

**REVERSED and REMANDED.**